[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated January 4, 1995, the plaintiff, John A. Rogerson, seeks, inter alia, a dissolution of his marriage to the defendant, Maria T. Rogerson. The defendant counterclaims for dissolution.
After a full hearing, the court, based upon a preponderance of the credible, relevant and legally admissible evidence finds, determines and rules as follows:
The defendant whose maiden name was Maria Fray and the plaintiff were intermarried at Naugatuck, Connecticut, on March 18, 1983.
The plaintiff, for at least twelve months next preceding the date of this complaint, has resided continuously in this State.
No minor children have been born to the wife since the date of this marriage.
None of the parties are receiving aid from any Governmental Agency. CT Page 12643
The court expressly finds that the marriage of the parties has broken down irretrievably.
The plaintiff and the defendant are joint owners of real estate located at 30 Palmer Martin Road, East Haddam, Connecticut. Said real estate has a value of approximately $425,000.00, but is encumbered by a first mortgage with a principal balance of approximately $248,000.00.
Both parties indicate a definite fondness for the home, but the defendant who has relocated to Atlanta, Georgia is willing to sell the property, while the plaintiff, who is residing in the house, is adamantly opposed to such sale.
The parties are successful in their respective careers and enjoy salaries in the sixty to seventy, plus, thousand dollar per annum range.
The parties managed their finances extremely well and managed to save and build a house, along with a carriage house, which are extremely attractive and of high quality.
However, the parties marriage began to deteriorate, causing the defendant to seek counseling and begin therapy sessions.
The defendant's position at work was eliminated, resulting in her relocation, with the same company, to Atlanta, Georgia.
Prior to her relocation, the defendant engaged in an adulterous affair with a co-worker. The defendant claims that her affair was a symptom of her failed marriage. However, her affair is also grounds for dissolution.
As with most marriages, blame for the failure of the marriage lies, to a greater or lesser degree, with both parties. Here, although communication between the parties was beginning to be strained, the defendants' conduct in engaging in an affair, her relocation to Atlanta, Georgia and her willingness to sell the house to her employer under a relocation policy, requires the court to attribute to the defendant the greater fault in the breakdown of the marriage.
The court, taking into consideration and guided by the mandates enunciated in General Statute Section 46b-81(c) makes CT Page 12644 the following assignments of property.
The defendant shall convey all her right, title and interest in the real estates known as 30 Palmer Martin Road, East Haddam, Connecticut to the plaintiff. The plaintiff shall assume all responsibility for the payment of all expenses of the property, including the first mortgage, for which he shall assume full responsibility and shall hold harmless the defendant from any liability thereunder.
The plaintiff shall pay over to the defendant the sum of $50,000.00 at the rate of $10,000.00 per year, without interest, for a period of five years commencing from the date of this decree. The plaintiff may pay said sum earlier if he is able.
The defendant shall be the sole owner of her 401 K Plan, her bank accounts in her name and all jewelry in her possession free and clear of any claims by the plaintiff.
The plaintiff shall be the sole owner of his retirement plan, all bank accounts in his name and all the furniture located in the marital home free and clear of all claims of the defendant.
Each party shall be solely responsible for the debts shown on their respective financial affidavits.
Attached herewith is a schedule of personal property. The court has indicated with "¶ those set out to the plaintiff and with a "/\" those set out to the defendant. The court has indicated with an "N" those subject to negotiation which upon failure is to be returned to court for resolution.
A decree may enter on the complaint dissolving the marriage and incorporating therein the findings and rulings of the court and restoring to the defendant her maiden name, MARIA T. FRAY.
SPALLONE STATE TRIAL REFEREE
Judgment may enter in accordance with the foregoing Memorandum of Decision
Jonathan W. Field, Duty Chief Clerk CT Page 12645
SCHWIN AIR DYNE STATIONERY BIKE 10 SPEED BIKE ALL COOKBOOKS ALL POTTERY (VASES, BOWLS) ALL ARTWORK ANTIQUE VERDE COFFEE TABLE ANTIQUE VERDE END TABLES ALL TABLE LINENS ALL BED LINENS DINING ROOM TABLE (WITH 8 CHAIRS) KITCHEN AIDE VCR ALL CHINA ALL CRYSTAL ONE ANTIQUE LAMP (FROM MY FAMILY), 2 ADORONDACK CHAIRS 3 BOOK CASES 35 MM CAMERA WATER COOLER ALL JEWELRY CHINA CABINET MASTER BEDROOM BED BEDROOM DRESSER BEDROOM PLANT STAND TWO QUILT RACKS ARTWORK FROM ITALY FAX MACHINE COPIER TELEPHONE ANSWERING MACHINE STEREO AND SPEAKERS TURN TABLE THREE PIECE FURNITURE FOR STEREO EQUIPMENT COUCH THREE LIVING ROOM CHAIRS TWO BAR STOOLS SILVERWARE SET ALL EVERYDAY DISHES ALL CAST IRON POTS TWO SETS OF FIREPLACE SET THREE BRASS FLOOR LAMPS THREE CANOE SLEEPING BAGS WASHER DRYER TWO PLANT STANDS (CURRENTLY IN FOYER) CT Page 12646 DINING ROOM PIECE THAT CURRENTLY HOLDS LINENS PLANT STAND IN LIVING ROOM MICROWAVE